## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2708 | **DATE** | 8/24/2004 |
| **CASE TITLE** | KENNETH J. RANEY vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. 2255 is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 25 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH J. RANEY,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. 03 C 2708

DOCKETED
AUG 2 5 2004

## MEMORANDUM OPINION AND ORDER

On December 19, 2001, petitioner Kenneth J. Raney was convicted of one count of traveling in interstate commerce to engage in a sexual act with a minor, and one count of attempted manufacture of child pornography. On April 23, 2002, the court sentenced petitioner to a term of 145 months in prison. Petitioner now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

Petitioner challenges his sentence, arguing that his trial counsel was ineffective, there was no probable cause for his arrest, and that he was entrapped by the government. Section 2255 allows a criminal defendant to seek relief if he can show proof that there was a fundamental defect in his conviction that resulted in a miscarriage of justice. Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991). A petitioner is barred from relitigating those arguments that have already been rejected. Daniels v. United States, 26 F.3d 706, 711-12 (7th Cir. 1994).

In arguing that the government lacked probable cause and that it entrapped him, petitioner is seeking to relitigate issues that were decided at his trial. He had the opportunity



to present his case to the jury prior to the verdict and does not now raise any new arguments or present any newly discovered evidence. For those reasons, the petition is denied and we decline to revisit the earlier determinations of the court and the jury.

Petitioner bears a heavy burden in proving an ineffective assistance of counsel claim. United States v. Moya-Gomez, 860 F.2d 706, 763 (7th Cir. 1988). He must show that his attorney's conduct fell below an objective standard of reasonableness and that there is a reasonable probability that, but for the attorney's conduct, the outcome would have been different. *Id.* In this petition, Raney claims that his trial attorney was ineffective in three ways. He argues that his attorney failed to call an additional witness at the suppression hearing. Next, that his counsel failed to spend a sufficient amount of time with him, preparing for trial. Finally, petitioner argues that his counsel erred by failing to object to the adult pornography offered at trial as being outside the scope of his consent to a search.

It is not the court's place to second-guess trial counsel's strategic decisions. United States v. Otero, 848 F.2d 835, 838 (7th Cir. 1988). The decision to call or not to call a witness is generally classified as such a strategic decision and is not subject to review. United States v. Williams, 106 F.3d 1362, 1367 (7th Cir. 1997). While petitioner claims that his attorney did not sufficiently prepare for trial, he fails to point out any substantive defect in his defense – his attorney vigorously defended him and challenged the government's evidence. Finally, the Seventh Circuit has rejected petitioner's argument that his attorney should have objected to the introduction of the pornography into evidence as outside the scope of his consent. United States v. Raney, 342 F.3d 551 (7th Cir. 2003). In affirming the conviction, the court held that the evidence was relevant in that it related to petitioner's intent. *Id.* at 557-58. There is no further reason to find that petitioner's attorney erred in deciding not

to object to the introduction of that evidence at trial.

Even if we were to determine that petitioner's counsel was somehow ineffective, there is no reason to believe that the outcome of the trial would have been different but for the attorney's decisions. There was a substantial amount of evidence offered against Raney and he would be unable to establish that he was somehow prejudiced.

In a letter accompanying petitioner's reply brief, he also seeks to have his sentence reduced pursuant to the Supreme Court's recent ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004). That motion is denied without prejudice – plaintiff may refile an applicable motion if it is subsequently determined that Blakely applies retroactively to sentences determined under the federal sentencing guidelines.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 24, 2004.